UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONNIE E. CULPEPPER                                             CIVIL ACTION

VERSUS                                                          NO. 15-125-BAJ-RLB

CONSOLIDATED CONTAINER
COMPANY LP

### ORDER

Before the court is Plaintiff's Motion to Compel Production of Internal E-Mails (R. Doc. 19) filed on March 4, 2016.  The motion is opposed. (R. Doc. 22).  Plaintiff has filed a Reply. (R. Doc. 24).

**I.   Background**

Ronnie E. Culpepper ("Plaintiff") filed this discrimination and retaliation lawsuit on March 5, 2015 against his former employer Consolidated Container Company LP ("Consolidated Container"). (R. Doc. 1, "Compl.").  Plaintiff alleges that he was an employee of Consolidated Container for 18 years at its Kentwood, Louisiana location. (Compl. ¶ 3).  Plaintiff alleges that in 2013, David Holroyd was hired as a new Plant Manager at the Kentwood location, who then hired Charlie Farrar as Second Shift Operator. (Compl. ¶¶ 5-7).  Plaintiff alleges that Mr. Farrar "engaged in escalating incidents of sexual harassment," including sharing inappropriate images and videos of sexual acts. (Compl. ¶¶ 9-12).  Plaintiff alleges that he reported these incidents to Mr. Holroyd who said that "he would take care of it." (Compl. ¶¶ 9-11).  Plaintiff also alleges that Mr. Holroyd made a racial statement and targeted African-American employees. (Compl. ¶ 15).

Plaintiff alleges that in late 2013, he made a formal complaint to Consolidated Container's Human Resources Department, and made telephone calls complaining of sexual

harassment, race discrimination, and a cover-up of safety issues. (Compl. ¶ 16). Plaintiff alleges that Mr. Holroyd retaliated against him by giving him his first negative performance appraisal in 18 years. (Compl. ¶ 17). Plaintiff alleges that his employment with Consolidated Container was terminated on March 12, 2014 based on a "fabricated and pretextual" reason. (Compl. ¶ 18).

On May 5, 2015, the Court issued a Scheduling Order setting the deadline to complete non-expert discovery and to file related motions on March 4, 2016. (R. Doc. 14).

On August 19, 2015, Defendant identified and described certain withheld emails on a privilege log. (R. Doc. 19-2). Plaintiff does not provide the actual discovery request(s) at issue in response to which Defendant provided the privilege log.[1]

On September 2, 2015, Plaintiff's counsel inquired about certain emails withheld on the basis of the work product doctrine. (R. Doc. 19-3). The next day, defense counsel provided explanations for why the emails were withheld and placed on a privilege log, requesting Plaintiff's counsel to give a call to "address this matter further" if needed. (R. Doc. 19-3). There is no additional response by Plaintiff's counsel in the record.[2]

On March 4, 2016, Plaintiff filed the instant motion to compel. The first set of emails sought are March 17, 2014 communications described on the privilege log as follows: "E-mails between Laurie Walker (Regional Human Resources Manager) and Kathy Cashion (Director, Human Resources & Talent Management) re: severance agreement offered to Plaintiff." (R. Doc.

---

[1] Accordingly, the instant motion violates Local Rule 37 ("Motions addressed to issues concerning discovery propounded under Fed. R. Civ. P. 33, 34, 36 and 37 must quote verbatim each interrogatory, request for production, or request for admission to which the motion is addressed, followed immediately by the verbatim response or objection which provided thereto.").

[2] The Motion includes a certification that Plaintiff's counsel "conferred in good faith with Defendant's counsel in an effort to obtain the discovery at issue without court action." (R. Doc. 19 at 2). Defendant requests that the Motion be denied on the ground that Plaintiff's counsel failed to meet-and-confer as required by Rule 37(a)(1). (R. Doc. 22 at 5). In reply, Plaintiff argues that the email communications between counsel satisfied the meet-and-confer requirement. (R. Doc. 27).

19-2). In response to Plaintiff's motion to compel, Defendant agreed to voluntarily produce these emails. (R. Doc. 22-1; R. Doc. 22 at 4).

The second set of emails sought are April 7, 2014 communications described on the privilege log as follows: "E-mails between David Holroyd (Former Kentwood Plant Manager), Laurie Walker, Luis Lopez (Senior Regional Human Resources Manager), and Paul Koziatek (Director, Risk Management) re: Plaintiff's unemployment claim." (R. Doc. 19-2).

Plaintiff argues that this second set of email communications occurred in the normal course of business by non-attorneys regarding Plaintiff's unemployment claim and are not protected under the work product doctrine. (R. Doc. 19-1 at 4). Plaintiff suggests that these emails are relevant because Mr. Holroyd testified at his deposition that he was familiar with the process of responding to unemployment claims from experience at prior employment, and although he was not involved in the process at Consolidated Container, he further testified that when someone is terminated, the HR department will inquire into the reasons and circumstances. (R. Doc. 19-1 at 4).

In response, Defendant argues that the emails remaining at issue were between employees who were "directly involved in the development of strategy and/or the defense of [Defendant] in litigation of Plaintiff's unemployment claim" and "contain legal analysis of [the] unemployment claim." (R. Doc. 22 at 4). In addition, Defendant asserts that the "documents themselves reference unemployment litigation with Plaintiff and directly reference the engagement and involvement of legal counsel (Matt Patterson)." (R. Doc. 22 at 4-5). Defendant offered to present these emails to the court for *in camera* inspection if necessary. (R. Doc. 22 at 5).

3

On April 20, 2016, the Court ordered Defendant to submit the April 7, 2014, email communications that remain at issue for *in camera* inspection.  The following day, Defendant submitted those documents to the undersigned's chambers for review.

**II.     Law and Analysis**

The work product doctrine is a matter of federal procedural law in diversity cases. *See N. Am. Specialty Ins. Co. v. Iberville Coatings, Inc.*, No. 99-859, 2002 WL 34423316, at *3 (M.D. La. Mar. 22, 2002).  The work-product doctrine is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure. "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A).  The moving party may discover relevant information, however, if the "party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).

The party asserting protection under the work product doctrine has the burden of proving that the documents were prepared in anticipation of litigation. *Lasalle Bank N.A. v. Mobile Hotel Props., LLC*, No. 03-2225, 2004 WL 1238024, at *2 (E.D. La. June 3, 2004).  In the Fifth Circuit, while litigation need not necessarily be imminent, the primary motivating purpose behind the creation of the document must be to aid in possible future litigation. *United States v. Davis,* 636 F.3d 1028, 1040 (5th Cir. 1981).  The "[f]actors that courts rely on to determine the primary motivation for the creation of a document include the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance." *Gator Marshbuggy Excavator L.L. C. v. M/V Rambler*, No. 03–3220, 2004 WL

1822843, at *3 (E.D. La. Aug. 12, 2004).  Although the involvement of an attorney is not dispositive, it is a "highly relevant factor . . . making materials more likely to have been prepared in anticipation of litigation." *Carroll v. Praxair, Inc.*, No. 05–307, 2006 WL 1793656, at *2 (W.D. La. Jun. 28, 2006).  Materials assembled in the "ordinary course of business" are not protected under the work product doctrine. *See United States v. El Paso, Co.*, 682 F.2d 530, 542 (5th Cir. 1982) (citations omitted).

Having conducted an *in camera* inspection of the April 7, 2014 email communications, the Court concludes that those communications are protected pursuant to the work product doctrine.  *See* Fed. R. Civ. P. 26(b)(3)(A).  Consistent with the representations of Defendant, the emails concern Plaintiff's unemployment claims and contain discussions relating to the legal analysis of potential litigation related to those claims.  While there are no attorneys involved in the actual communications—a factor that weighs in favor of Plaintiff—that is not dispositive.  As represented by Defendant, the email communications directly reference potential litigation and the potential engagement and involvement of legal counsel, Matt Patterson.  The Court concludes that the primary motivating purpose of these email communications was to aid in possible future litigation regarding Plaintiff's unemployment claim.  The Court further concludes that Plaintiff does not have a "substantial need" for these communications pursuant to Rule 26(b)(3)(A)(ii).[3]

Finally, because Defendant voluntarily provided the March 17, 2014 emails only after the filing of the instant Motion, and waived any claim to work product protections, the Court will grant the Motion to the extent it seeks to compel production of those documents.

---

[3] The email communications submitted for *in camera* review appear to have no direct bearing on the issues in this litigation.

5

## III.     Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 19) is **GRANTED IN PART and DENIED IN PART**.  The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on May 5, 2016.

        **RICHARD L. BOURGEOIS, JR.**
        **UNITED STATES MAGISTRATE JUDGE**